IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **HERMAN WILLIAMS, #N22797,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) CASE NO. 11-cv-615-JPG |
| | ) |
| **LT. FAIRROW and DAVID WITTNER,** | ) |
| | ) |
| **Defendants.** | ) |

**MEMORANDUM AND ORDER**

**GILBERT, District Judge:**

Plaintiff Williams, an inmate in Menard Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983.  Plaintiff is serving a 40 year sentence for murder, and 25 years for armed robbery.  This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> > (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its

face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a pro se complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; this action is subject to dismissal.

**The Complaint**

Plaintiff alleges that Defendant Lt. Fairrow, the head of staff for the east cell house at Menard Correctional Center ("Menard"), was preventing the officers on his staff from passing out cleaning supplies to the inmates, including disinfectant, liquid soap, and Brillo pads. Plaintiff also states that he and other inmates are supposed to be issued one razor. Plaintiff claims that he and other inmates are prevented from seeking any remedies due to "racism in this joint." He alleges that correctional officers at Menard call Blacks and Hispanics derogatory names.

Plaintiff seeks relief in the form of monetary compensation by Lt. Fairrow for pain and suffering. Though David Wittner is named as a Defendant in the caption, he is not mentioned elsewhere in the complaint.

**Discussion**

Based on the allegations of the complaint, the Court finds it convenient to divide the pro se action into three (3) counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit.

**Count 1 – Unsanitary Conditions**

Not all prison conditions trigger Eighth Amendment scrutiny – only deprivations of basic human needs like food, medical care, sanitation, and physical safety. *Rhodes v. Chapman,* 452 U.S. 337, 346 (1981). In order to prevail on a conditions of confinement claim, a plaintiff must allege facts that, if true, would satisfy the objective and subjective components applicable to all Eighth Amendment claims. *McNeil v. Lane,* 16 F.3d 123, 124 (7th Cir. 1994); *see also Wilson v. Seiter,* 501 U.S. 294, 302 (1991). The objective analysis examines whether the conditions of confinement exceeded contemporary bounds of decency of a mature civilized society. *Jackson v. Duckworth,* 955 F.2d 21, 22 (7th Cir. 1992). The condition must result in unquestioned and serious deprivations of basic human needs or deprive inmates of the minimal civilized measure of life's necessities. *Rhodes,* 452 U.S. at 347; *accord Jamison-Bey v. Thieret*, 867 F.2d 1046, 1048 (7th Cir. 1989); *Meriwether v. Faulkner,* 821 F.2d 408, 416 (7th Cir. 1987).

Here, though Plaintiff alleges that Defendant Fairrow is preventing his staff from passing out cleaning supplies, he states nothing about the result. In order to show a constitutional claim for unsanitary conditions, the plaintiff must describe the resulting conditions and explain how they are unlivable. Lack of cleaning supplies in itself is not a constitutional deprivation, without allegations of unsanitary living conditions. As Plaintiff has not demonstrated how the lack of

cleaning supplies caused by Defendant Fairrow has resulted in constitutionally unlivable conditions, this claim shall be dismissed without prejudice.

**Count 2 – Hygiene Supplies**

No constitutional principle requires that inmates be permitted to own or receive hygiene items for the sake of owning cosmetics. However, the deprivation of essential items may leave a prisoner exposed to the elements, or unable to care for his most fundamental needs, and thereby put his health in jeopardy and at that point, a constitutional right may be implicated. In *Harris v. Fleming*, 839 F.2d 1232 (7th Cir. 1988), the Seventh Circuit considered an inmate's claim that he was denied toilet paper for five days and denied soap, a toothbrush and toothpaste for ten days, while "he was kept in a filthy, roach-infested cell." *Id.* at 1234. The Circuit noted that "[i]nmates cannot expect the amenities, conveniences and services of a good hotel; however, the society they once abused is obliged to provide constitutionally adequate confinement." *Id.* at 1235-36. The Circuit then noted that "[a]lthough Harris experienced considerable unpleasantness, he suffered no physical harm," *id.* at 1235, and found that the conditions simply did not rise to the level of an Eighth Amendment violation.

In his complaint, Plaintiff does not allege that Defendant Fairrow actually deprived him of the hygiene supplies. He states only that he and the other inmates are supposed to be issued one razor. He contrasts this with his experiences in other prisons, where he received a razor three times a week. He makes no allegation that he ever actually had to do without a razor or any other hygiene items, and he gives the Court no reason to believe he endured conditions similar to those in *Harris* for even a full day. Furthermore, Plaintiff makes no allegations of any physical harm caused by Defendant Fairrow's actions resulting from the implied lack of razors.

Plaintiff fails to state a claim upon which relief may be granted, and thus this claim shall be dismissed without prejudice.

**Count 3 – Derogatory Language**

Though some racially motivated behavior is prohibited by the Equal Protection Clause of the Constitution, not all racial insensitivities violate the Constitution. According to the Court of Appeals for the Seventh Circuit, "the use of racially derogatory language, while unprofessional and deplorable, does not violate the Constitution. Standing alone, simple verbal harassment does not constitute cruel and unusual punishment, deprive a person of a protected liberty interest or deny a prisoner equal protection of the laws." *DeWalt v. Carter*, 224 F.3d 607, 612 (7th Cir. 2002).

Plaintiff fails to allege anything beyond mere racial insults, and does not attribute these insults to any Defendant. To state a valid claim, Plaintiff would have to show how the discriminatory conduct of a named Defendant deprived him of a constitutional right. Derogatory names and language are not constitutional violations, and do not affect any constitutional right. Plaintiff has not pleaded any facts which could give rise to an actionable claim. Therefore, this count shall be dismissed with prejudice.

**Defendant David Wittner**

Plaintiff also lists David Wittner as a Defendant in the caption of his complaint. However, the statement of claim does not include any allegations against this Defendant. "A plaintiff cannot state a claim against a defendant by including the defendant's name in the caption." *Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998). *See also Crowder v. Lash,* 687 F.2d 996, 1006 (7th Cir. 1982) (director of state correctional agency not personally responsible

for constitutional violations within prison system solely because grievance procedure made him aware of it and he failed to intervene).

Accordingly, Defendant Wittner shall be dismissed with prejudice.

**Disposition**

**IT IS HEREBY ORDERED** that **COUNT 1** and **COUNT 2** fail to state a claim upon which relief may be granted, and are thus **DISMISSED without prejudice**.  **COUNT 3** also fails to state a claim upon which relief may be granted, and is **DISMISSED with prejudice**. Defendant **WITTNER** is **DISMISSED** from this action **with prejudice**, and Defendant **FAIRROW** is **DISMISSED without prejudice**.

Plaintiff is advised that this dismissal shall count as one of his allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).  A dismissal without prejudice may count as a strike, so long as the dismissal is made because the action is frivolous, malicious, or fails to state a claim.  *See Paul v. Marberry*, 658 F.3d 702, 704 (7th Cir. 2011); *Evans v. Ill. Dep't of Corr.* 150 F.3d 810, 811 (7th Cir. 1998).

Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350 remains due and payable.  *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

The Clerk shall **CLOSE THIS CASE**.

**IT IS SO ORDERED.**

**DATED:   May 30, 2012**

                                      *s/J. Phil Gilbert*
                                    **United States District Judge**